### Petition of SADIN.

United States District Court
S. D. New York.
Aug. 9, 1951.

No appearance for petitioner.

Edward J. Shaughnessy, District Director, New York District, Immigration and Naturalization Service, by Monroe Kroll, U. S. Naturalization Examiner, New York City, for the United States.

NOONAN, District Judge.

The question to be decided in this matter is whether or not an illegitimate child may be naturalized on the petition of her mother pursuant to the provisions of Section 315 of the Nationality Act, 8 U.S.C.A. § 715. It is clear that under New York law an illegitimate child is the child of the mother and may inherit from her. In this matter the designated Examiner has found in favor of granting naturalization to the child in question, whereas the Commissioner has overruled such finding and held that this application should be denied. Counsel for the government stresses that under the language of Section 315, supra, the child to be naturalized must have *parents,* and that the illegitimate child in this case having no father has only one parent, and as such is not entitled to naturalization on the petition of her mother. It is my belief, with all due deference to the findings of the Commissioner, that the ruling of the designated Examiner is more correct, more sound and complies more fully with the spirit as well as the letter of the law. The language of the statute uses the words: "one of whose parents is at the time of petitioning * *". I believe the proper emphasis should be placed on the word "one" rather than on the word "parents". Inasmuch as the illegitimate child in this case is seeking naturalization on the petition of her mother, I hold that she is eligible for naturalization. I, accordingly, find that Emma Marie Caliger may be naturalized on the petition of her mother under the provisions of Section 315 of the Nationality Act, and I grant the application accordingly.