**PETITION of Naturalization Filed by Claudia Josephine HOWARD in Behalf of Pierre Philippe APPLEGARTH.**

**No. 14553.**

United States District Court
W. D. Missouri, W. D.

Dec. 20, 1956.

No appearance for Petitioner.

J. C. Stewart, Designated Naturalization Examiner, Kansas City, Mo., for the United States, in favor of naturalization.

Lewis D. Barton, Acting District Director on behalf of the Regional Commissioner of Immigration and Naturalization, for the United States, against naturalization.

R. JASPER SMITH, District Judge.

Claudia Josephine Howard, a native of England who became a United States citizen by naturalization on September 1, 1950, in this Court, filed on June 12, 1956, a petition for naturalization in behalf of her minor, illegitimate son, Pierre Philippe Applegarth, pursuant to the provisions of Section 322 of the Immigration and Nationality Act of 1952, 8 U.S.

C.A. § 1433. The child was born out of wedlock on July 13, 1944, in Nice, France, and was admitted for permanent residence at New York, on July 26, 1947. He has not been legitimated.

The question before me is the eligibility of the minor, illegitimate child for naturalization under Section 322, Title III, of the 1952 Immigration and Nationality Act.

Section 322 reads:

"A *child* born outside of the United States, one or both of whose parents is at the time of petitioning for the naturalization of the *child,* a citizen of the United States, either by birth or naturalization, may be naturalized if under the age of eighteen years and not otherwise disqualified from becoming a citizen by reason of sections 313, 314, 315 or 318 of this title, and if residing permanently in the United States, with the citizen parent, pursuant to a lawful admission for permanent residence, on the petition of such citizen parent, upon compliance with all the provisions of this subchapter, except that no particular period of residence or physical presence in the United States shall be required. * * *." (Emphasis mine.)

Whether or not Pierre Philippe may be naturalized on the petition of his mother under Section 322 depends upon the construction to be given the term "child" as found in the statute. The designated Naturalization Examiner recommends the petition be granted, since, in his opinion, "child" is sufficiently broad to include an illegitimate son. However, the Regional Commissioner, understanding the term to have reference only to legitimate children, holds that the petition should be denied.

My task is to seek the intended definition of Congress. Section 101(c) of the present Act defines numerous terms used in Title III, including the one with which I am here concerned. The section states:

"As used in Title III—

"(1) The term 'child' means an unmarried *person* under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, * * *." (Emphasis mine.)

Congress, drafting this definition of "child", employed the term "person". This choice is significant. It implies a congressional intent to eliminate and avoid any requirement of legitimacy by inference or implication. "Person" has a broader connotation than "child", and clearly includes both legitimate and illegitimate children. Section 101(c) (1) of the 1952 Act, unlike the corresponding Section 102(h) of the Nationality Act of 1940 which it superseded, contains the phrase, "an unmarried person under twenty-one years of age." The addition of this phrase in the present law indicates an intent to define more adequately and to broaden more obviously the meaning of the term "child".

At the time of the 1952 enactment, Congress undoubtedly was aware of the decision of Petition of Sadin, D.C., 100 F.Supp. 14. That case, decided in 1951 under the 1940 Nationality Act, holds that a foreign-born, minor, illegitimate daughter may be naturalized on petition of the mother, a citizen of the United States, under Section 315 of the earlier Act.

Under that ruling there was no question but that "child" included one born out of wedlock. Section 322 of the present law is substantially the same as Section 315 of the repealed 1940 Act. Hence that decision is equally applicable to the present case.

Section 321 of the present law provides that illegitimate children derive automatic citizenship upon the naturalization of the mother. That was not possible under the earlier law. It is absurd to argue that Congress would pro-

vide automatic citizenship for an illegitimate child upon the naturalization of the mother after 1952, and at the same time and in the same Act foreclose immediate citizenship for a child whose mother was naturalized before the 1952 Act was effective. I cannot believe Congress had any such intent.

For the foregoing reasons, Pierre Philippe Applegarth may be naturalized on the petition of his mother under the provisions of Section 322 of the Immigration and Nationality Act of 1952, and I grant the application accordingly. It is so ordered.