MATTER OF ADAM AND AUGUSTINE

In Visa Petition Proceedings

A-18246988-9

*Decided by Board March 28, 1969*

Under the law of British Honduras the legitimation of a child born out of wedlock occurs only through the marriage of the natural parents of the child.

ON BEHALF OF PETITIONER: Ernest N..Morial, Esquire
1821 Orleans Avenue
New Orleans, Louisiana 70116

The case comes forward on appeal from the order of the District Director, New Orleans District, dated October 16, 1968 denying the visa petition for the reason that the facts presented disclose that the petitioner never married the mothers of the beneficiaries and that the beneficiaries have never been otherwise legitimated; therefore, it was concluded that the benficiaries are not children as defined in section 101(b) (1) of the Act.

The petitioner, a native of British Honduras, a naturalized citizen of the United States, 50 years old, male, seeks preference quota status on behalf of the beneficiaries as his sons. The beneficiaries are natives and citizens of British Honduras, born March 11, 1949 and January 19, 1945, single. The petitioner was married at Gretna, Louisiana on July 12, 1945 to Dorothy Spears. The younger beneficiary is the illegitimate son of the petitioner by Mary Galves. The older beneficiary is the illegitimate son of the petitioner by Ina Broaster.

Section 101(b) (1) (C) defines the term "child" to mean a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether inside or outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the parent or parents at the time of such legitimation. Both beneficiaries were born in British Honduras. The Laws of British Honduras of 1958, Volume 4, Chapter 190 (the

177

British Honduras Legitimacy Ordinance), provide for the legitimation of a person only through the marriage of his natural parents. The Legitimacy Ordinance also provides that an illegitimate person as regards his or her mother has in all respects the same status, rights and obligation as if he or she had been born of his or her mother in lawful wedlock. It is, therefore, clear that the beneficiaries are not legitimated children under the law of the place of their birth because there was no marriage of the natural mothers with the natural father. There is no evidence of legitimation under the law of the father's domicile or residence, Louisiana.

The file contains a copy of *In re Howard's Petition*, 147 F. Supp. 676 (W.D. Mo., 1956). This case involved a petition for naturalization filed by the mother on behalf of her illegitimate child. The court held that the term "child" as used in Title III as defined in section 101(c)(1) of the Immigration and Nationality Act included an illegitimate child of the *mother* who might be naturalized on the petition of his mother under the provisions of section 322 of the Immigration and Nationality Act of 1952. This case is not applicable to the instant visa petitions which have been filed by the natural father of the illegitimate beneficiaries.

**ORDER:** It is ordered that the appeals be and the same are hereby dismissed.